Duncan T. Wheeler *vs*. The Port Blakely Mill Co.

The requirement of the mechanics' lien law, that the notice of lien shall contain a description of the property, sufficiently definite to render it capable of identification, with reasonable certainty, is complied with in the following description: "A lot of saw logs marked F. and A., now lying in Ebey's Slough".

The word "lot" defined. In the absence of proof it will be presumed that the lot of logs mentioned were all the logs, of that description, at the place named.

The requirements of said law, that the notice of lien shall contain "A statement of the demand and the amount thereof, after deducting, as near as possible, all just credits and offsets".

Error to the Third Judicial District, holding terms at Seattle.

*Struve, Haines & Leary* for plaintiff in error.

The Mechanics' Lien Law should be liberally construed to effect its object. Laws W. T., 1877, p. 224, Sec. 39; *Gilman* v. *Gard*, 29 Indiana, 291; *Putnam* v. *Ross*, 46 Mo. 338; *Skyrme* v. *Occidental M. & M. Co.*, 8 Nevada, 239; *Thomas* v. *Huesman*, 10 Ohio St. 152; *Ewing* v. *Barr*, 4 Watts and Sargent, 468; *Tuttle* v. *Montford*, 7 California, 361; 2 Howard (Miss.), 880; 1 Georgia, 435; 2 Swan (Tenn.), 313; Phillips on Mechanics' Liens, Sec. 14; 30 Penn. (6 Casey), 122.

A statement of the amount claimed to be due, showing its character, is a sufficient compliance with the statute. Phillips on Mechanics' Liens, Sec. 353; *Brennan* v. *Swasey*, 16 Cal. 140; *Saldon* v. *Meeks*, 17 id. 128; *Simonds* v. *Buford*, 18 Indiana, 176; 46 Mo. 279; 2 Duval (Ky.), 582; 6 Ohio St. 473; 10 id. 153.

A lien is not lost by including in it items for which no lien exists. Phillips on Mechanics' Liens, Sec. 355–387; 18 Conn. 342; 2 Allen (Mass.), 424; 29 Conn. 256; 46 Mo. 595.

If the description in the notice contains enough to enable one, familiar with the locality, to identify the property, with

reasonable certainty, it is good. Laws W. T., 1877, p. 100, Sec. 4; Phillips on Mechanics' Liens, Sec. 379; *McClintock* v. *Rush*, 63 Penn. 303; *Odd Fellows' Hall* v. *Masser*, 24 id. 507; *O'Halloran* v. *Sullivan*, 1 Iowa, 75; *Parker* v. *Bell*, 7 *Gray*, 429; 21 Ill. 99; 7 Ohio St. 196.

The fact of no other property answering the description of that contained in the notice will make sufficient a description that would otherwise be defective. Phillips on Mechanics' Liens, Sec. 382: *Strawn, et al.* v. *Cogswell, et al.*, 28 Illinois, 462; *Tibbetts* v. *Moore*, 23 Cal. 208; 9 Barb. 630; 12 Metcalf (Mass.), 333; 7 Cush. 460.

The maxim *"Id certum est quod certum reddi potest,"* applies to this notice. Wade on Notice, Sec. 30; 70 Illinois, 350; 10 Ohio St. 156.

The question of identity is for the jury, and for their aid parole evidence is admissible. Phillips on Mechanics' Liens, 384; *Kennedy* v. *House*, 41 Penn. 39; *Beel* v. *Poewill*, 62 Illinois, 366; *McClintock* v. *Rush*, 63 Penn. 205.

That a mechanics' lien is assignable so as to vest a right of action in the name of the assignee. Laws W. T., 1877, p. 4, Sec. 4; id. 1879, p. 122, Sec. 1; Phillips on Mechanics' Liens, Sec. 55; 14 Minn. 145; 8 Nevada, 219; 14 Allen, 139; 7 Cal. 388.

*McNaught, Ferry & McNaught* for defendant in error.

The notices of lien must be in strict compliance with the statute. Phillips on Mechanics' Liens, p. 297, Sec. 16; *Smith* v. *Drew*, 5 Mass. 515; *Walker* v. *Hauss-Higo*, 1 Cal. 184; *Davis* v. *Livingstone*, 29 id. 283; *Ark. R. R. Co.* v. *McKay*, 30 Ark. 682; *Runey* v. *Rea*, 7 Oregon, 130; *Getchell* v. *Gordon*, 63 *Maine*, 563; *Gogin* v. *Walsh*, 126 Mass. 576; 2 Green (Iowa), 508.

There is no statement of demand in the lien notices. Laws W. T., 1877, p. 218, Sec. 9; Phillips on Mechanics' Liens, Sec. 356–7; *McWilliams* v. *Allen*, 45 Mo. 573; *Lewin* v. *Whittendon*, 13 Gray (Mass.), 100.

The logs are not identified with reasonable certainty. Laws

W. T., 1877, p. 218, Sec. 9; Herman on Chattel Mortgages, p. 82, Sec. 42; Phillips on Mechanics' Liens, Sec's. 233, 350, 378–80, 385; 8 Mich. 163; 8 Cal. 344.

The complaint cannot supply defects in the notice. Phillips on Mechanics' Liens, Sec. 386; 5 Rawle (Penn.), 291.

An averment of the quantity of logs alleged to be converted is necessary. 1 Chitty's Pleadings, 376; Bliss on Code Pleading, 297, Sec. 5-6; Stephens on Pleading, 296-7.

The maxim "*Id certum est quod certum reddi potest*" has no application in such a case. 4 Kent, 462; 2 Blackstone's Com. 143; 4 Pickering, 179; Brooms' Legal Maxims, 599.

*Opinion by Hoyt, Associate Justice.*

In this cause, the Court below sustained a demurrer to the complaint therein, and an exception to such action was duly taken, and said ruling is assigned here as error. The said demurrer was general, and, therefore, the only question raised is, as to whether or not the said complaint stated facts sufficient to constitute a cause of action. The plaintiff, in his complaint, sought to enforce certain rights, growing out of liens claimed on certain saw logs; and the important question, made below, as well as here, was as to the sufficiency of the notices of said liens, as set out in said complaint.

Two objections to said notice have been urged and fully argued.

1. That they contained no sufficient description of the property, sought to be charged; and

2. That the demands of the lienors were not sufficiently set out therein.

The description was as follows: "A lot of saw logs, marked 'F. & A.,' now lying in Ebey's slough." Is this a sufficient description?

The statute requires the property to be so described, as to render it thereby capable of identification, with reasonable certainty. Does the above language so describe anything? What is a *lot* of logs?

The definition of the word "lot," as applicable to its use in the above sentence, is given by Webster as follows: "The separate portion belonging to one person; and, hence, a distinct parcel, a separate part; as a *lot* of goods." From which it appears that it means more than a mere *quantity*, in this, that while it does not give any information as to the amount of a parcel or aggregation, yet it does clearly show that, whatever the amount covered, it is a parcel by itself, distinct from all others. The description above quoted, therefore is, in our opinion, equally as definite and certain, as it would have been had it read: "A certain 'raft' of saw logs, marked 'F. & A.,' now lying in Ebey's slough," and this, we think, sufficient; for, while it might be presumed that there were other rafts of logs in said slough, yet it would not be presumed, in the absence of proof thereof, that there were such other rafts, with the logs therein marked "F. & A."

It is doubtless true, that upon proof that there were other rafts, thus marked, in said slough, an ambiguity, latent in the description, would be developed; but, until such proof is made, such ambiguity does not appear, and therefore said description must be held good upon demurrer.

Now as to the second point above stated. Was the statement of the demand, as set out in their notices, sufficient?

This must depend upon the language contained in the statute relating thereto; for, however liberal a rule we may adopt, in the construction of such laws, we cannot do violence to the language used, unless such language is, in some degree, ambiguous, so as to open the door for judicial construction.

The statute says that such notices shall contain "A statement of the demand *and* the amount thereof, after deducting, as near as possible, all just credits and offsets."

From this language it is clear to us, that the legislature intended that such statement must contain at least two things, to wit: The full amount of the claim, before any deductions were made, and also the amount thereof after the deduction of credits and offsets.

Any other construction will not give weight to all the words of the statute, and in the absence of something in the context or in surrounding circumstances, to indicate that some other method should be taken, by which to arrive at the intention of the legislature, we know of no other rule than to construe the law, as it reads, giving to each word, therein used, its fair and ordinary meaning. Not only do we think that the statute thus requires the claim to be set out; but, in our opinion, such a provision was a reasonable and necessary one, as thus requiring the gross, as well as the net demand, to be set out, tends greatly to prevent the filing of fraudulent, or exorbitant claims, to the needless embarrassment of the owners of the property. While we think it essential that the notice should contain the facts above mentioned, it is not, in our opinion, necessary that said essential facts should be stated, separately, but only that they appear reasonably certain, from the statement, taken as a whole.

Does the statement of demand, in these notices, embody the above described essential particulars?

We have carefully examined them, and from such examination, have been unable to determine the amount of the demand of the lienors, before the deduction of offsets, though the amount of such claims, after such deduction, fully appears, and we are, therefore, of the opinion that the statement of the demand, in said notices, is insufficient, for the reason that one of the above recited necessary averments was not sufficiently stated.

The statement of the demand being thus defective, the notices were void and of no effect.

Several other objections to the complaint have been argued by counsel, but, as it is conceded that, unless said notices are valid, the action cannot be sustained, we do not deem it necessary to discuss the other questions raised.

We find no error in the record, and the judgment of the Court below must therefore be *affirmed*.